E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
HAVA MIRELL (Cal. Bar No. 311098)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0717/0813
    Facsimile: (213) 894-6269
    E-mail:   hava.mirell@usdoj.gov
           daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>        v.<br><br>EMIL AIRAPETIAN,<br><br>      Defendant. | No. CR 2:23-00243-RGK<br><br>PLEA AGREEMENT FOR DEFENDANT<br>EMIL AIRAPETIAN |

    1.   This constitutes the plea agreement between EMIL AIRAPETIAN ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.   Defendant agrees to:

        a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the single-count

Indictment in <u>United States v. Emil Airapetian</u>, CR No. 2:23-00243-RGK, which charges defendant with Felon in Possession of a Firearm and Ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

        b.    Not contest facts agreed to in this agreement.

        c.    Abide by all agreements regarding sentencing contained in this agreement.

        d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

        e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

        f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

        g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

        h.    Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

        i.    Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all

1  of the documents requested therein, to the USAO by either email at

2  usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

3  Litigation Section at 300 North Los Angeles Street, Suite 7516, Los

4  Angeles, CA 90012.  Defendant agrees that defendant's ability to pay

5  criminal debt shall be assessed based on the completed Financial

6  Disclosure Statement and all required supporting documents, as well

7  as other relevant information relating to ability to pay.

8         j.   Authorize the USAO to obtain a credit report upon

9  returning a signed copy of this plea agreement.

10        k.   Consent to the USAO inspecting and copying all of

11  defendant's financial documents and financial information held by the

12  United States Probation and Pretrial Services Office.

THE USAO'S OBLIGATIONS

14  3.   The USAO agrees to:

15        a.   Not contest facts agreed to in this agreement.

16        b.   Abide by all agreements regarding sentencing contained

17  in this agreement.

18        c.   At the time of sentencing, provided that defendant

19  demonstrates an acceptance of responsibility for the offense up to

20  and including the time of sentencing, recommend a two-level reduction

21  in the applicable Sentencing Guidelines offense level, pursuant to

22  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

23  additional one-level reduction if available under that section.

NATURE OF THE OFFENSE

25  4.   Defendant understands that for defendant to be guilty of

26  the crime charged in the indictment, that is, Felon in Possession of

27  a Firearm and Ammunition, in violation of Title 18, United States

28  Code, Section 922(g)(1), the following must be true: (1) defendant

3

knowingly possessed a firearm and ammunition; (2) the firearm and
ammunition had been shipped or transported from one state to another
or between a foreign nation and the United States; (3) at the time
defendant possessed the firearm and ammunition, defendant had been
convicted of a crime punishable by imprisonment for a term exceeding
one year; and (4) at the time defendant possessed the firearm and
ammunition, defendant knew he had been convicted of a crime
punishable by imprisonment for a term exceeding one year.

<u>PENALTIES AND RESTITUTION</u>

5.    Defendant understands that the statutory maximum sentence
that the Court can impose for a violation of Title 18, United States
Code, Section 922(g)(1), is: 15 years' imprisonment; a 3-year period
of supervised release; a fine of $250,000 or twice the gross gain or
gross loss resulting from the offense, whichever is greatest; and a
mandatory special assessment of $100.

6.    Defendant agrees to make full restitution to the victim(s)
of the offense to which defendant is pleading guilty.  Defendant
agrees that, in return for the USAO's compliance with its obligations
under this agreement, the Court may order restitution to persons
other than the victim(s) of the offense to which defendant is
pleading guilty and in amounts greater than those alleged in the
count to which defendant is pleading guilty.  In particular,
defendant agrees that the Court may order restitution to any victim
of any of the following for any losses suffered by that victim as a
result: any relevant conduct, as defined in U.S.S.G. § 1B1.3, in
connection with the offense to which defendant is pleading guilty.
The parties currently believe that the applicable amount of
restitution is approximately $3,500, but recognize and agree that

4

1 this amount could change based on facts that come to the attention of
2 the parties prior to sentencing.

3     7.   Defendant understands that supervised release is a period
4 of time following imprisonment during which defendant will be subject
5 to various restrictions and requirements.  Defendant understands that
6 if defendant violates one or more of the conditions of any supervised
7 release imposed, defendant may be returned to prison for all or part
8 of the term of supervised release authorized by statute for the
9 offense that resulted in the term of supervised release, which could
10 result in defendant serving a total term of imprisonment greater than
11 the statutory maximum stated above.

12     8.   Defendant understands that, by pleading guilty, defendant
13 may be giving up valuable government benefits and valuable civic
14 rights, such as the right to vote, the right to possess a firearm,
15 the right to hold office, and the right to serve on a jury.
16 Defendant understands that he is pleading guilty to a felony and that
17 it is a federal crime for a convicted felon to possess a firearm or
18 ammunition.  Defendant understands that the conviction in this case
19 may also subject defendant to various other collateral consequences,
20 including but not limited to revocation of probation, parole, or
21 supervised release in another case and suspension or revocation of a
22 professional license.  Defendant understands that unanticipated
23 collateral consequences will not serve as grounds to withdraw
24 defendant's guilty plea.

25     9.   Defendant and his counsel have discussed the fact that, and
26 defendant understands that, if defendant is not a United States
27 citizen, the conviction in this case makes it practically inevitable
28 and a virtual certainty that defendant will be removed or deported

5

from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

10.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about April 22, 2023, in Los Angeles County, which is within the Central District of California, defendant knowingly and unlawfully possessed a firearm and ammunition, namely a Smith & Wesson model 442-2 Airweight, .38 Special caliber revolver, bearing serial number DJJ3076; two rounds of CCI/Speer or Federal Cartridge

1   Company .38 Special caliber ammunition; and three rounds of Lake City

2   Army Ammunition Plan .38 Special caliber ammunition.

3       The Smith & Wesson model 442-2 Airweight, .38 Special caliber

4   revolver, bearing serial number DJJ3076, was manufactured in

5   Massachusetts.  Two rounds of .38 Special caliber ammunition were

6   manufactured either by CCI/Speer in Idaho or by Federal Cartridge

7   Company in Minnesota.  Three rounds of .38 Special caliber ammunition

8   were manufactured by Lake City Army Ammunition Plant in Missouri.  In

9   order for the firearm and ammunition to have been located in

10  California on April 22, 2023, the firearm and each round of

11  ammunition would have had to have been shipped or transported from

12  one state to another state.

13      Before defendant's knowing and unlawful possession of the

14  firearm and ammunition on or about April 22, 2023, defendant had been

15  convicted of the following felony crimes, punishable by a term of

16  imprisonment exceeding one year:

17      • Assault with a Deadly Weapon, in violation of California

18        Penal Code Section 245(a)(1), in the Superior Court of

19        California for the County of Los Angeles, case number

20        GA033565-01, on or about September 16, 1999; and

21      • Racketeer Influenced and Corrupt Organizations Conspiracy,

22        in violation of Title 18, United States Code, Section

23        1962(d), in the United States District Court for the

24        Central District of California, case number 11-00072(A)-

25        DDP, on or about July 16, 2012.

26      When defendant knowingly and unlawfully possessed the firearm

27  and ammunition on April 22, 2023, defendant knew he had previously

28  been convicted of the above felony offenses.

1                            SENTENCING FACTORS

2        11.   Defendant understands that in determining defendant's

3  sentence the Court is required to calculate the applicable Sentencing

4  Guidelines range and to consider that range, possible departures

5  under the Sentencing Guidelines, and the other sentencing factors set

6  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

7  Sentencing Guidelines are advisory only, that defendant cannot have

8  any expectation of receiving a sentence within the calculated

9  Sentencing Guidelines range, and that after considering the

10 Sentencing Guidelines and the other § 3553(a) factors, the Court will

11 be free to exercise its discretion to impose any sentence it finds

12 appropriate up to the maximum set by statute for the crime of

13 conviction.

14       12.   Defendant and the USAO agree to the following applicable

15 Sentencing Guidelines factors:

16    Base Offense Level:                14    U.S.S.G. § 2K2.1(a)(6)(A)

17

18

19 Defendant and the USAO reserve the right to argue that additional

20 specific offense characteristics, adjustments, and departures under

21 the Sentencing Guidelines are appropriate.  The base offense level

22 set forth above is based on information currently known to the

23 government regarding defendant's criminal history.  Defendant

24 understands and agrees that defendant's base offense level could be

25 increased if defendant is an armed career criminal under U.S.S.G.

26 §§ 4B1.4 and 18 U.S.C. § 924(e), or if defendant has additional prior

27 conviction(s) for either a crime of violence or a controlled

28 substance offense under U.S.S.G. § 2K2.1.  If defendant's base

offense level is so altered, defendant and the USAO will not be bound by the base offense level agreed to above.

13. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

       a.    The right to persist in a plea of not guilty.

       b.    The right to a speedy and public trial by jury.

       c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

       d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

       e.    The right to confront and cross-examine witnesses against defendant.

       f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

1     g.   The right not to be compelled to testify, and, if

2 defendant chose not to testify or present evidence, to have that

3 choice not be used against defendant.

4     h.   Any and all rights to pursue any affirmative defenses,

5 Fourth Amendment or Fifth Amendment claims, and other pretrial

6 motions that have been filed or could be filed.

7                    WAIVER OF APPEAL OF CONVICTION

8     16.  Defendant understands that, with the exception of an appeal

9 based on a claim that defendant's guilty plea was involuntary, by

10 pleading guilty defendant is waiving and giving up any right to

11 appeal defendant's conviction on the offense to which defendant is

12 pleading guilty.  Defendant understands that this waiver includes,

13 but is not limited to, arguments that the statute to which defendant

14 is pleading guilty is unconstitutional, and any and all claims that

15 the statement of facts provided herein is insufficient to support

16 defendant's plea of guilty.

17 LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

18     17.  Defendant agrees that, provided the Court imposes a term of

19 imprisonment within or below the range corresponding to an offense

20 level of 17 and the criminal history category calculated by the

21 Court, defendant gives up the right to appeal all of the following:

22 (a) the procedures and calculations used to determine and impose any

23 portion of the sentence; (b) the term of imprisonment imposed by the

24 Court; (c) the fine imposed by the Court, provided it is within the

25 statutory maximum; (d) to the extent permitted by law, the

26 constitutionality or legality of defendant's sentence, provided it is

27 within the statutory maximum; (e) the amount and terms of any

28 restitution order, provided it requires payment of no more than

$3,500; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

19. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 17 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the following: the amount of restitution ordered if that amount is less than $3,500.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

21.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

22.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

OFFICE NOT PARTIES

23. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to

fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

26. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

27.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

_____          January 12, 2024
HAVA MIRELL                               _____
DANIEL H. WEINER                          Date
Assistant United States Attorneys

_____          1-12-24
EMIL AIRAPETIAN                           _____
Defendant                                 Date

                                          1-12-24
_____          _____
GEORGE MGDESYAN                           Date
MARIYA MELKONYAN
Attorneys for Defendant
EMIL AIRAPETIAN

//

//

//

1                    <u>CERTIFICATION OF DEFENDANT</u>

2        I have read this agreement in its entirety.  I have had enough

3   time to review and consider this agreement, and I have carefully and

4   thoroughly discussed every part of it with my attorney.  I understand

5   the terms of this agreement, and I voluntarily agree to those terms.

6   I have discussed the evidence with my attorney, and my attorney has

7   advised me of my rights, of possible pretrial motions that might be

8   filed, of possible defenses that might be asserted either prior to or

9   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10  of relevant Sentencing Guidelines provisions, and of the consequences

11  of entering into this agreement.  No promises, inducements, or

12  representations of any kind have been made to me other than those

13  contained in this agreement.  No one has threatened or forced me in

14  any way to enter into this agreement.  I am satisfied with the

15  representation of my attorney in this matter, and I am pleading

16  guilty because I am guilty of the charge and wish to take advantage

17  of the promises set forth in this agreement, and not for any other

18  reason.

19  *Emil Airapetion*                              *1-12-24*

20  EMIL AIRAPETIAN                                Date
    Defendant

21

22  //

23  //

24  //

25

26

27

28

                                   16

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am EMIL AIRAPETIAN's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____              Date  1/12/24
GEORGE MGDESYAN
MARIYA MELKONYAN
Attorneys for Defendant
EMIL AIRAPETIAN